

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVALDO MONTES HERRERA,<br><br>                      Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Warden of<br>Otay Mesa Detention Center, et al.,<br><br>                      Respondents. | Case No.:  3:26-cv-2891-CAB-GC<br><br>**ORDER GRANTING PETITION<br>FOR A WRIT OF HABEAS CORPUS** |

Pending before the Court is Petitioner Vivaldo Montes Herrera's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1 ("Petition").]  Petitioner has been in immigration detention since June 18, 2025.  [Petition at 3.]  On July 15, 2025, an immigration judge ("IJ") granted Petitioner bond after a bond hearing.  [*Id.* at 2.]  On July 16, 2025, the Department of Homeland Security ("DHS") appealed the IJ's bond order to the Board of Immigration Appeals ("BIA"), triggering a stay of the IJ's release and causing Petitioner to remain in detention.  [*Id.*]  On September 19, 2025, the BIA sustained DHS's appeal and vacated the IJ's bond order.  [*Id.*]

The BIA vacated Petitioner's bond based on a lack of jurisdiction under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), which held that noncitizens who entered without inspection are "applicants for admission" subject to mandatory detention under 8

U.S.C. § 1225(b)(2).  Later in 2025, the Central District of California certified a class of individuals eligible for bond under 8 U.S.C. § 1226(a): noncitizens in the United States without lawful status who entered the United States without inspection, were not apprehended upon arrival, and not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time DHS made an initial custody determination.  *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

Petitioner requests immediate release or a bond hearing under 8 U.S.C. § 1226(a).  [*Id.* at 13–14.]  Respondents "acknowledge the prior orders from this District directing bond hearings pursuant to 8 U.S.C. § 1226(a) in similar cases[]" and thus do "not oppose an order . . . directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)."  [Doc. No. 4 at 1–2.]  However, Petitioner has already received a bond hearing while in detention, and an IJ granted him release upon posting a monetary bond of $8,000, coupled with alternatives to detention at DHS's discretion.  [Petition at 5.]  Because the government acknowledges that Petitioner is entitled to a bond hearing and Petitioner has already received one, the Court does not see the need for an additional bond hearing.

Accordingly, the Court **ORDERS** Respondents to immediately release Petitioner on the conditions previously set by the IJ on July 15, 2025.  Respondents shall file an update regarding Petitioner's release by **June 10, 2026**.

It is **SO ORDERED**.

Dated:  June 5, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge